# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO HOLMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-1129-PLC |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by self-represented petitioner Antonio Holmes. ECF No. 4. For the reasons explained below, the petition will be summarily denied and dismissed.

### Background

Mr. Holmes is currently incarcerated at Ste. Genevieve Detention Center awaiting trial in a federal criminal action.[1] *See U.S. v. Holmes*, Case No. 4:22-CR-694-AGF-PLC (E.D. Mo.). On September 6, 2023, Mr. Holmes mailed to the Court a document titled, "Petition for a Preliminary Injunction and Temporary Restraining Order." ECF No. 1. Within the filing, he alleged he was being illegally detained pursuant to the Missouri Second Amendment Preservation Act, Mo. Rev. Stat. § 1.410-1.485.[2]

On September 28, 2023, the Court reviewed the "Petition for a Preliminary Injunction and

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

[2] The Court notes that in March 2023, the United States District Court for the Western District of Missouri found the Missouri Second Amendment Preservation Act to be unconstitutional. *United States v. Missouri*, No. 2:22-CV-04022-BCW, 2023 WL 2390677 (W.D. Mo. Mar. 7, 2023). That decision is currently on appeal with the Eighth Circuit Court of Appeals. *United States v. Missouri*, No. 23-1457 (8th Cir. filed Mar. 10, 2023).

Temporary Restraining Order" and determined it was unclear whether Mr. Holmes intended to initiate this action in federal court or state court. ECF No. 2. The caption of the document referenced the "The Circuit Court(s) of St. Louis City," rather than the Eastern District of Missouri. The Court noted that if Mr. Holmes intended to file this action in federal court, his submission failed to commence a civil case because it was not drafted on a Court-provided form as required by E.D. Mo. Local Rule 2.06(A). Additionally, Mr. Holmes had neither paid the filing fee nor submitted an application to proceed without prepaying fees or costs. Consequently, the Court provided him with a copy of a "Prisoner Civil Rights Complaint" form and a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form, and directed him to complete and submit the form which applied to his request(s) for relief if he intended this matter to be filed in federal court.

### The Petition

On October 11, 2023, the Court received the instant "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form. ECF No. 4. Mr. Holmes indicates his intent to challenge his pending federal criminal case, *U.S. v. Holmes*, Case No. 4:22-CR-694-AGF-PLC, in which he is charged with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.* at 2. Plaintiff challenges his charge as follows:

> (1) the complaint/information or indictment fails to charge an offense against the laws of the United States because no jurisdiction has been ceded or accepted over the place where the criminal activity is alleged to have occurred, (2) Trial court is without subject mater jurisdiction under 18 U.S.C. § 3231, [and] (3) The criminal statute exceeds the power of Congress as applied to alleged conduct[.]

*Id.* at 2.

For relief, Mr. Holmes asks the Court to "[i]nquire into [the] legality of [his] detention" and "take mandatory judicial notice of adjudicative facts[.]" *Id.* at 7.

2

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b) of the Rules Governing § 2254 Cases (a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed below, Mr. Holmes's § 2241 petition will be summarily dismissed because his claims are not cognizable under 28 U.S.C. § 2241.

Generally, pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987). However, "[t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies." *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004) (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994).

Mr. Holmes has not exhausted other available remedies. His criminal action is still pending, and he has already filed similar arguments in that case, which have yet to be addressed by the Court. He can also raise the arguments made in his application at trial, as well as on direct appeal. Consequently, he has not fully exhausted his administrative remedies with respect to the issues in his petition. *Moore*, 875 F. Supp. at 624.

It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390,

3

391 (1918) (citations omitted) ("... in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). *See also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). When habeas claims raised by a federal pretrial detainee would be dispositive of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible. *Moore v. U.S.,* 875 F. Supp. 620, 624 (D. Neb. 1994).

In the case at bar, Mr. Holmes seeks a writ of habeas corpus that would dispose of his federal criminal case, and cause him to be released from pretrial detention. Mr. Holmes has made no effort to explain why he cannot raise his claims in his ongoing criminal proceedings, nor has he shown that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims. Therefore, relief under § 2241 is unavailable to Mr. Holmes at this time. To determine otherwise would interfere with the trial judge's control over his case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore deny the petition. The Court will not issue a certificate of appealability, as Mr. Holmes has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel,* 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**. A separate order of dismissal will be entered

4

herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this __3rd__ day of November, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5